**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| quasar energy group LLC,<br><br>Plaintiff,<br><br>v.<br><br>WOF SW GGP 1 LLC,<br><br>Defendant. | No. CV-18-02300-PHX-RCC (EJM)<br><br>**ORDER** |

Pending before the Court is Defendant WOF SW GGP I LLC's ("WOF") motion to dismiss or, in the alternative stay (doc. 14), a report and recommendation ("R&R") prepared by Magistrate Judge Eric Markovich, Plaintiff quasar energy group llc's objections to the R&R and WOF's response. In the R&R, Magistrate Judge Markovich recommends that this Court grant Defendants' motion and dismiss the claims without prejudice with leave for quasar to file an amended complaint reasserting those claims, pending the outcome of the motions currently before the District Court in Oregon. After reviewing the entire record, this Court shall accept and adopt the R&R's conclusion and grant WOF's motion to dismiss.

**STANDARD OF REVIEW**

This Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural background of this case is fully articulated in the R&R. In essence, quasar and WOF entered into two separate agreements within several days of each other: the Design-Build Agreement and the Operations and Maintenance Agreement ("O&M Agreement"). The Design-Build Agreement, which was entered into first, contains a mandatory forum selection clause stating that claims must be brought to Phoenix, Arizona. The O&M Agreement contains a permissive forum selection clause stating that claims under that agreement may be brought to a state or federal court in Oregon. The agreement also states that once a complaint is filed in Oregon, the parties waive any objections they may have regarding venue.

On July 19, 2018, WOF filed a complaint in Oregon state court against quasar seeking declaratory relief that WOF rightfully terminated the O&M Agreement. On July 23, 2018, quasar filed a complaint in this Court alleging, among other things, breaches of the Design- Build and O&M Agreements. Doc. 1.

On August 21, 2018, WOF filed its Motion to Dismiss or, in the Alternative, Stay the Arizona suit. Doc. 14.

**DISCUSSION**

Plaintiff makes two objections to the R&R. First, Plaintiff contends that the R&R erred because it did not enforce the mandatory forum selection clause that requires construction claims to be litigated in Arizona. Second, Plaintiff argues that the R&R's first to file analysis is flawed.

**A. The R&R properly concluded that the mandatory forum selection clause did not apply to claims arising out of the O&M agreement.**

Plaintiff argues that the conflicting forum selection clauses can be harmonized because its claims under the O&M Agreement are subject to the mandatory forum selection clause found in the Design-Build Agreement. Plaintiff reaches this conclusion by noting that the allegations in the O&M Agreement rely on dates found in the Design-Build Agreement, and thus, the mandatory forum selection clause in the Design-Build Agreement

must also apply. Plaintiff also claims that the Design-Build Agreement's mandatory forum selection clause supersedes the O&M Agreement's permissive clause because the O&M Agreement fully incorporates the Design-Build Agreement. Lastly, Plaintiff believes that if the conflicting terms cannot be harmonized, then the mandatory provision prevails over the permissive provision because the claims are a part of a common nucleus of operative facts.

In response, WOF contends that the agreements are separate and distinct. WOF also argues that although the Design-Build Agreement's forum selection clause is mandatory, so too is the O&M Agreement's forum selection clause once a claim is filed in Oregon because the parties agreed to waive challenges to jurisdiction.

A "forum-selection clause 'should control except in unusual cases.'" *Yei A. Sun v. Advanced China Healthcare, Inc*., 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 64 (2013)). "Where the parties have agreed to a forum-selection clause, they 'waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Sun*, 901 F.3d at 1091.

Here, the Court is not swayed by Plaintiff's argument that the Design-Build Agreement forum selection clause supersedes the O&M Agreement forum selection clause because the O&M Agreement relies on dates found in the Design-Build Agreement. The Court notes that quasar has not directed the Court's attention to any case law supporting this proposition. The Court also declines to rule that one forum selection clause should overrule another forum selection clause when neither contract contains language indicating that that was the parties' intention. "[W]hen the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir.1999). The parties explicitly agreed to two separate forum selection clauses and knew that this circumstance could occur. As the R&R properly concluded, the "parties must now deal with the problem they created with two different lawsuits proceeding in two different forums." Doc. 30 at 10.

Plaintiff, relying on *Jones v. Custom Truck & Equip., LLC*, 10-CV-611, 2011 WL 250997 (E.D. Va. Jan. 2011), claims that the mandatory provision in the DBA should prevail over the permissive provision in the O&M agreement because the claims are "inextricably intertwined and part of a common nucleus of operative facts."

In *Jones*, the court reviewed contracts containing mandatory and permissive forum selection clauses and ultimately decided to enforce the mandatory forum selection clause over the other and transfer the entire case to the mandatory forum. *Jones*, 2011 WL 250997 at *4-6.

This Court is not swayed by the analysis found in Jones. First, the parties in Jones did not contractually agree to waive all venue objections once an action was filed under the contract with permissive language. Here, on the other hand, the parties waived all venue challenges. *See* Doc. 1-5 at 16. Thus, Jones is not persuasive because the contractual language is materially different. Second, since Jones, the Supreme Court issued a forum selection clause analysis in *Atlantic Marine*. This Circuit has interpreted the *Atlantic Marine* analysis to mean that only under "extraordinary circumstances" should courts not enforce forum selection clauses. *Sun*, 901 F.3d at 1088. Extraordinary circumstances include fraud or overreaching. *See Adema Techs., Inc. v. Wacker Chem. Corp.*, 657 Fed. Appx. 661, 663 (9th Cir. 2016). Here, quasar does not allege fraud or overreaching. Because quasar has already agreed to waive venue challenges for actions arising out of the O&M agreement and WOF has filed an action in Oregon, this Court will enforce the parties' agreement by granting WOF's motion to dismiss the O&M agreement claims.

**B.      The R&R properly concluded that the first-to-file rule factors have been met.**

Plaintiff claims that the first-to-file rule is not a barrier to this Court's exercise of jurisdiction over their claims under the O&M agreement. The R&R concluded that this Court should apply the first-to-file rule.

The first-to-file rule "allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn*

*Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc*., 787 F.3d 1237, 1239 (9th Cir. 2015). Courts analyze three factors when determining whether to apply the first-to-file rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* at 1240. District courts may disregard the first-to-file rule in the interest of equity. *Alltrade, Inc. v. Uniweld Products, Inc*., 946 F.2d 622, 628 (9th Cir. 1991). Courts have declined to apply the first-to-file rule where it finds bad faith, an anticipatory suit, or forum shopping. *Id*. at 627-28.

Quasar does not allege that its complaint was filed first, nor does it allege that the parties and issues are different. Instead, quasar claims that the first-to-file rule should be ignored under the anticipatory suit exception because WOF is only seeking declaratory relief and courts have disregarded the rule when a party is only seeking declaratory relief. However, WOF informed the Oregon court and quasar that it planned to file an amended complaint asserting damages against quasar once the motions pending in the Oregon court were resolved. Doc. 22.

Additionally, as previously discussed, Plaintiff has waived all venues challenges under the O&M Agreement once an action was filed. Thus, even if the first-to-file analysis in the R&R was incorrect, quasar's objections would still be overruled.

…
…
…
…
…
…
…
…
…
…
…

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation are overruled. Doc. 31.

**IT IS FURTHER ORDERED** that the Report and Recommendation prepared by Magistrate Judge Eric Markovich shall be accepted and adopted as the findings of fact and conclusion of law for this Court. Doc. 30.

**IT IS FURTHER ORDERED** that Defendant WOF SW GGP 1 LLC's motion to dismiss the O&M Agreement claims is granted without prejudice. Doc. 14. Plaintiff may file an amended complaint reasserting those claims, pending the outcome of the motions currently before the District Court in Oregon. Doc. 14.

Dated this 25th day of January, 2019.

_____
Honorable Raner C. Collins
United States District Judge