**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| quasar energy group, llc,<br><br>        Plaintiff,<br><br>v.<br><br>WOF SW GGP 1 LLC,<br><br>        Defendant. | No. CV-18-2300-PHX-RCC (EJM)<br><br>**ORDER** |
| WOF SW GGP 1 LLC,<br><br>        Counter-Plaintiff,<br><br>v.<br><br>quasar energy group, llc,<br><br>        Counter-Defendant. | |
| quasar energy group, llc,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>Vaughan Co., Inc., *et al.*,<br><br>        Third-Party Defendant. | |

      Currently pending before the Court is Plaintiff/Counter-Defendant quasar energy group, llc's Motion for Leave to File First Amended Third-Party Complaint *Instanter* (Doc. 120). Plaintiff/Counter-Defendant seeks leave to amend its Third-Party Complaint to remove Third-Party Defendant Cleveland Plumbing Supply Co. and replace it with Skyline

| | |
|---|---|
| 1 | Mechanical Services, Inc. *See id.*, Redline Proposed First Amended Third-Party Complaint |
| 2 | (Exh. "B"). Plaintiff/Counter-Defendant asserts that this amendment is necessary because |
| 3 | of its recent discovery of additional alleged defects not previously claimed by |
| 4 | Defendant/Counter-Plaintiff WOF SW GGP1, LLC. *See id.* at 2. Rule 14(a), Federal Rules |
| 5 | of Civil Procedure, provides that "[a] defending party may, as third-party plaintiff, serve a |
| 6 | summons and complaint on a nonparty who is or may be liable to it for all or part of the |
| 7 | claim against it." "The crucial characteristic of a Rule 14 claim is that defendant is |
| 8 | attempting to transfer to the third-party defendant the liability asserted against him by the |
| 9 | original plaintiff." *Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. |
| 10 | 1988) (quoting Wright & Miller, 6 *Fed. Prac. & Proc.* § 1446 at 257 (1971 ed.)). "The |
| 11 | decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the |
| 12 | sound discretion of the trial court." *United States v. One 1977 Mercedes Benz*, 708 F.2d |
| 13 | 444, 452 (9th Cir. 1983). |
| 14 |     The Court has reviewed the proposed amendments and notes that claims against all |
| 15 | other Third-Party Defendants remain unchanged. *See id.*, Exh. "B." An amended |
| 16 | complaint supersedes the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 |
| 17 | (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. |
| 18 | 1990). After amendment, the Court will treat the original Third-Party Complaint (Doc. 46) |
| 19 | as nonexistent. *Ferdik*, 963 F.2d at 1262. As such, Plaintiff/Counter-Defendant shall be |
| 20 | allowed to amend its Third-Party Complaint (Doc. 46). |
| 21 |     Accordingly, IT IS HEREBY ORDERED that Plaintiff/Counter-Defendant quasar |
| 22 | energy group, llc's Motion for Leave to File First Amended Third-Party Complaint |
| 23 | *Instanter* (Doc. 120) is GRANTED. |
| 24 |     IT IS FURTHER ORDERED that Plaintiff/Counter-Defendant quasar energy |
| 25 | group, llc shall file and serve its First Amended Third-Party Complaint within fourteen |
| 26 | (14) days of the date of this Order. *See* LRCiv. 15.1 (a). |
| 27 | . . . |
| 28 | . . . |

1     IT IS FURTHER ORDERED that all currently pending motions to dismiss filed against the original Third-Party Complaint (Doc. 46), shall stand as to the First-Amended Third-Party Complaint, unless notice is otherwise given.

Dated this 18th day of October, 2019.

*Eric J. Markovich*
Eric J. Markovich
United States Magistrate Judge