# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| quasar energy group LLC,<br><br>Plaintiff,<br><br>v.<br><br>WOF SW GGP 1 LLC,<br><br>Defendant. | No. CV-18-02300-PHX-RCC (EJM)<br><br>**ORDER** |

On December 9, 2019, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") (Doc. 162) in which he recommended this Court enter an order denying Third-Party Defendants, Mankel Mechanical, LLC ("Mankel"), and Iron Dynamics, Inc.'s ("Iron Dynamics") Motions to Dismiss (Docs. 48, 98). After an independent review of the R&R (Doc. 162), Third-Party Defendants'[1] Objections[2] (Docs. 174 - 175), and Third-Party Plaintiff Quasar's Responses to the Objections (Docs. 181 - 182), this Court adopts the R&R in part, denying Third-Party Defendants' Motions to Dismiss (Docs. 48 & 98), but finds that Ariz. Rev. Stat. § 12-2602's requirements are applicable here.

## Factual and Procedural Background

The Parties do not dispute the case's factual and procedural background. The sole issue here is the applicability of A.R.S. § 12-2601, *et. seq*. Since there is no dispute as to

---

[1] The Court refers to Defendants Mankel, Iron Dynamics, and Hardrock collectively as "Third-Party Defendants."
[2] Third-Party Defendant Hardrock Concrete Placement Company ("Hardrock") made its first appearance after the Motions to Dismiss had already been filed. Doc. 175 at ¶1. Since Third-Party Plaintiff Quasar named Hardrock as a Third-Party Defendant, Hardrock has also filed objections to the R&R. Doc. 175.

the factual and procedural background, this Court adopts the factual and procedural background as set forth in the R&R and will not reiterate it here.

**Report and Recommendation: Standard of Review**

"District judges have the power to refer a case to magistrate judge to hear and determine pretrial matters before the court." 28 U.S.C. § 636(b)(1); LRCiv 72.1(a). While magistrate judges do not have the authority to dismiss, they may prepare a Report and Recommendation ("R&R") to aid the district judge in the disposition of the case. § 636(b)(1)(B)-(C). After receiving the magistrate judge's R&R, the parties may file written objections to the magistrate judge's recommendation. § 636(b)(1)(C). After receiving the magistrate judge's R&R and any objections from the parties, the district judge conducts a de novo review of the portions of the record to which the parties object. *Id*. Finally, the district judge determines whether to accept, reject, or modify the magistrate judge's recommendation. *Id*.

**Analysis**

The sole contention here is the applicability of Ariz. Rev. Stat. § 12-2602. § 12-2602(A) requires, among other things, that a plaintiff making a civil claim against a licensed professional submit an affidavit certifying whether or not an expert's testimony is necessary to prove the licensed professional's liability or standard of care. If the plaintiff certifies that expert testimony is necessary, plaintiff must prepare "a preliminary expert opinion affidavit with the initial disclosures that are required by rule 26.1, Arizona [R]ules of [C]ivil [P]rocedure." §12-2602(B).

Third-Party Defendants have filed Motions to Dismiss under this statute because Quasar has not filed the required affidavit certifying whether an expert's opinion testimony is required. Since Quasar has not filed the required written statement, Third-Party Defendants assert that Quasar's claim should be dismissed because there is no way to show that Third-Party Defendants' work fell below the standard of care without an expert's testimony.

Quasar counters Third-Party Defendants' argument with the assertion that the provisions of § 12-2602 do not apply here. Specifically, Quasar argues that because it

brings an indemnity claim and indemnity claims do not fall within the scope of § 12-2602's applicability. In support of this assertion, Quasar cites to Ariz. Rev. Stat. § 12-2601(b). § 12-2601(b) makes the statutory expert certification requirements applicable to cases where the "[t]he claim is based on the licensed professional's alleged breach of contract, negligence, misconduct, errors or omissions in rendering professional services." Quasar asserts that the plain text of § 12-2601(b) limits application to the types of claims listed and there is no mention of indemnity claims in § 12-2601(b). Thus, § 12-2602's requirements are not applicable to Quasar's claims.

Conversely, Third-Party Defendants assert that Quasar's indemnity claims fall squarely within the scope of § 12-2602's affidavit requirement because negligence is an essential element of Quasar's claim. Quasar's claim is based on a contractual indemnity provision. By the terms of the indemnity provision, Quasar must present evidence of each of the Third-Party Defendants' "negligent acts or omissions" to determine the extent of indemnity Quasar is entitled to. Since Quasar must make a showing of negligence, Ariz. Rev. Stat § 12-2602's affidavit requirements apply.

Magistrate Judge Markovich agreed with Quasar's argument and recommended denying the Third-Party Defendants' Motions to Dismiss because § 12-2601(b) does not list indemnity specifically.

This Court declines to adopt this approach. § 12-2602 is applicable because the section applies to claims "based" on a licensed professional's negligence. § 12-2601(b). Thus, the Court must first determine the basis of Quasar's claim to determine the § 12-2602's applicability.

Here, the basis of Quasar's claim is negligence, making it fall squarely within the scope of § 12-2602's applicability. Quasar is attempting to enforce contractual indemnity provisions. Under the text of each indemnity provision, which are substantially similar, Quasar must show the "negligent acts or omissions of the subcontractor." Docs. 46-1 at ¶ 9.1, 46-3 at ¶ 9.1, 46-5 at ¶ 9.1. While Quasar's claims are listed in the Third-Party Complaint as indemnity claims, the indemnity provisions are based on a showing of the Third-Party Defendants' negligence. Therefore, Quasar's claims are based on a licensed

professional's negligence and Third-Party Plaintiff Quasar must comply with § 12-2602's expert affidavit requirements.

While the Court finds that § 12-2602 is applicable, dismissal is not appropriate in this instance. Given the contingent nature of Quasar's indemnity claims, efficient use of judicial resources may warrant extending the time for compliance under § 12-2602(E). Nonetheless, Quasar must file the expert affidavit in accordance with § 12-2602.

## Conclusion

Accordingly, **IT IS HEREBY ORDERED** this Court adopts the R&R in part and denies Third-Party Defendants' Motions to Dismiss. Docs. 48 & 98.

Dated this 9th day of March, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge